■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS JAMES, Appellant.—Casey, J.

Defendant's conviction stemmed from the possession and the sale of more than 25 grams of marihuana to an undercover State Police officer on March 1, 1983. The sale occurred in the back room of a business establishment, Fantasy Designs, Ltd., located in the City of Amsterdam, of which defendant was proprietor. Apparently this business was the successor of a former business operation called "American stuff". The sale was accomplished through the introduction of two undercover State Police officers by Thomas Lavada, a police informer who himself had several convictions, to defendant at his business establishment. Following trial defendant was found guilty as charged and sentenced to two definite terms of imprisonment in the Montgomery County Jail, the first being one year and the second being 90 days, with the sentences to run concurrently.

On this appeal, defendant argues that the loss during the People's summation of three photographs depicting his business establishment that had been introduced into evidence deprived him of the opportunity to attack the credibility of prosecution witnesses who pictured the business operation as one that distributed drug paraphernalia. The defense contends that the missing photographs, which were never found, were critical since the business premises had been demolished at the time of trial, preventing duplication of this evidence. At a hearing conducted by County Court, the District Attorney denied having taken the photographs. We do not view their loss or misplacement as substantial error. The photographs were admitted simply to show the layout of defendant's business premises. They were not taken at the time of the commission of the crimes. Since the photographs were not lost until the People's summation, the jury had amply opportunity to view them if defendant had previously shown them to the jury and defendant had ample opportunity to use them on cross-examination of the People's witnesses when they testified. In any event, their loss cannot be attributed to the prosecution. If defendant himself took the photographs it was possible that he still possessed the negatives but he requested no opportunity to have the negatives developed. In sum, the loss of these

exhibits has not been shown to have been so material to defendant's case as to have deprived him of a fair trial or to have affected the verdict in any way.

When the exhibits were discovered missing, defense counsel indicated that he may have left them back at his office in Schenectady County. The trial was adjourned in the middle of the prosecution's summation over the weekend to the following Monday. Defense counsel complained that this unfairly permitted the prosecution to have two summations and deprived him of a fair trial. In the circumstances we find no error that substantially affected defendant's rights.

Nor do we find merit in defendant's other alleged errors. County Court did not abuse its discretion in refusing the admission into evidence of exhibits (T-shirts made by defendant in 1982) which would show defendant's type of operation in the business. The testimony offered by defense counsel personally was properly restricted as immaterial and collateral. The evidence offered by the prosecution sufficiently supported the jury's verdict. Accordingly, the judgment of conviction should, in all respects, be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.